## Harry A. Biossat, Defendant in Error, v. B. S. Lippincott, Plaintiff in Error.

### Gen. No. 22,682.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1916. Reversed. Opinion filed March 12, 1917.

## Statement of the Case.

Action by Harry A. Biossat, plaintiff, against B. S. Lippincott, defendant, to recover on an account for repairing defendant's hotel and cottages at an agreed price of four hundred dollars. From a judgment for plaintiff for three hundred and fifty dollars, defendant brings error.

Plaintiff sued as assignee of the account from John J. Sweet, who performed the services under a contract with the defendant which the defendant claimed was based upon a certain plat prepared by another party indicating the work that was to be done, which was in the possession of defendant's tenant of the property to be repaired and was delivered to Sweet who retained it, while Sweet claimed he was to do the work pointed out by the tenant only and not that called for by the plat.

FREDERIC BURNHAM, for plaintiff in error.

HARRY A. BIOSSAT, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1.   BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence is sufficient to show that plat indicating repairs is basis of contract.* Evidence *held* sufficient to show that a certain plat indicating what repairs were to be made upon defendant's property by the plaintiff's assignor was the basis of the contract sued on, in an action to recover the agreed price for the making of certain repairs on said property.

2.   BUILDING AND CONSTRUCTION CONTRACTS, § 83*—*what is condition precedent to recovery on contract.* Where an action was brought upon a building contract for an agreed sum for work to be done and not upon a *quantum meruit,* *held,* that there could be no recovery unless substantial compliance with the contract was shown.